IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

MANUEL VILLARREAL

 Plaintiff
vs.

HENRY LEWIS III M.D.
 Defendant

---

COMPLAINT, JURY DEMAND AND CERTIFICATE OF REVIEW

---

COMES NOW, the Plaintiff through undersigned counsel and complains against the Defendant as follows:

A. OVERVIEW

1. This is a wrongful death medical negligence action. The Plaintiff is the surviving spouse of Francisca Villarreal. Francisca Villarreal was a patient of the Defendant. Defendant performed surgery on Ms. Villarreal on March 3, 2017; she was discharged from the hospital in March 4, 2017; because of post operative concerns her family took her to the emergency room on Sunday, March 5th. On March 5th the treating emergency room physician was reassured by Defendant that the patient would be appropriately followed in his office. On Thursday, March 9th, Ms. Villarreal accompanied by her daughters, was seen and examined by the Defendant. Despite the concerns expressed by the patient and her family she was sent home by the Defendant. Shortly thereafter she passed away, that very same day. Unfortunately, during this examination, Defendant failed to address the Plaintiff's septic condition when he examined her on March 9th and sent her home with severe peritonitis and sepsis. The patient was unable to survive and died later that day. As a consequence of his wife's death, the Plaintiff who had been married to his wife for 45 years is

emotionally devastated. Plaintiff brings this action for the injuries and damages he has sustained as a consequence of the wrongful death of his wife.

## B.  THE PARTIES

2. The Plaintiff in this action is Manuel Villarreal who resides at 4721 Highway 348 in the City of Delta, State of Colorado.

3. Henry Lewis III, M.D. is the Defendant in this action. He resides at 798 West 2000 North in the City of Vernal, State of Utah.

## C.  JURISDICTION

4. The amount of controversy in this action exceeds the sum of $75,000.00.

5. This action is brought pursuant 28 U.S.C. §1332 inasmuch as there is diversity of jurisdiction because the Defendant is a resident of the State of Utah while the Plaintiff is a resident of the State of Colorado.

## D.  GENERAL ALLEGATIONS

(Negligence)

6. At all times pertinent the Defendant was and is a licensed physician specializing in obstetrics and gynecology.

7. On March 3, 2017, Defendant performed a hysterectomy on his patient, Francisca Villarreal.

8. The following day, on March 4th she was discharged. The following day, post operative day number two (2), she returned to the local hospital, Delta Memorial Hospital, with concerns, among other things regarding the status of her wound.

9. The patient was discharged from that emergency visit on March 5th and was told to

follow up with her surgeon, the Defendant, Dr. Lewis, the following day.

10. The following day, Monday March 6th, one of her family members called to make an appointment for that day; the patient was informed that the earliest possible time that she could be seen was Thursday, March 9th.

11. On Thursday, March 9th, the Plaintiff, accompanied by two of her daughters, was seen and examined by the Defendant. The Defendant failed to listen to concerns of the patient and her daughters regarding the status of her wound, the foul smell and discharge from the wound, and concerns regarding the health of the patient.

12. Defendant discharged the patient from the office.

13. Defendant did not admit the patient to the hospital and did not recommend that she be admitted to the hospital.

14. Later that day Francisca Villarreal died as a result of acute peritonitis and sepsis.

15. The death of Francisca Villarreal was caused by the negligent acts and actions of the Defendant.

16. At all times pertinent Defendant had a duty to provide reasonable an appropriate medical care to his patient Francisca Villarreal.

17. Defendant was negligent in the care and treatment he provided to his patient in one or more of the following particulars:

   a. In performing a hysterectomy on the patient in the first instance as the patient probably did not need the surgery and it was an unsafe procedure to perform on this patient;

   b. In failing to appreciate the severity of the patient's condition and illness post surgery;

    c.      In failing to diagnose or consider that the patient had peritonitis;

    d.      In failing to order or perform the appropriate lab tests or perform a thorough or complete examination on March 9, 2017;

    e.      In failing to appropriately refer the patient to an infectious disease specialist or emergency room physician;

    f.      In failing to admit the patient to the hospital;

    g.      In failing to listen to the concerns of his patient and especially the concerns articulated by her daughters that her mother, the patient, was extremely ill and in need of significant medical attention;

    h.      In sending the patient home;

    I.      In being otherwise negligent, superficial and careless in his evaluation assessment and treatment of the patient during the office exam of March 9, 2017.

18.    As a direct and proximate result of the negligent acts and actions of Defendant the patient, Francisca Villarreal, was sent home, not hospitalized, and had virtually little if any care and treatment for her undiagnosed and life threatening condition of peritonitis/sepsis. And, as a further consequence of this negligent treatment, Francisca Villarreal died.

19.    As a direct and proximate result of his wife's death, the Plaintiff has been devastated. Further Plaintiff has incurred and will in the future incur significant losses and damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant in a sum reasonable, costs of this action, expert witness fees, interest at the legal rate, and for such other and further relief as this Honorable Court deems just and proper in the premises.

PLAINTIFF REQUESTS THAT THIS MATTER BE HEARD BY A JURY.

CERTIFICATE OF REVIEW

COMES NOW, the Plaintiff, by and through counsel and pursuant to C.R.S. §13-20-602(3) hereby certifies and declares as follows:

Undersigned counsel certifies pursuant to C.R.S. §13-20-602(3) that (a) he has consulted with a physician with expertise in the areas of alleged negligent conduct as set forth in Plaintiff's complaint and (b) the podiatrist who has been consulted has reviewed all known facts, including such records, documents and other materials which the professional has bound to be relevant to the allegations and negligence conduct as complained of Plaintiff's Complaint and ( c) based upon such facts this professional has concluded that the filing of the claims in this instant case does not lack substantial justification within the meaning of C.R.S. §13-17-102(4) and (d) the physician who has reviewed all known facts relevant to the allegations and negligent conduct in Plaintiff's complaint meets the requirements as set forth in C.R.S §13-64-401.

>Respectfully submitted,
> s/John Astuno, Jr.
> John Astuno, Jr.
> 1290 Broadway #600
> Denver, CO 80203
> 303-861-7636
> E-Mail: norma633077@gmail.com
> Attorney for Plaintiff